B1 (Official Form 1) (04/13)

| UNITED STATES BANKRUPTCY COURT<br>Northern District of Illinois | VOLUNTARY PETITION |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**BLAKLEY, GARY** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**NA** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>**7331** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>**17132 S. DREXEL AVENUE<br>SOUTH HOLLAND, IL**<br>ZIP CODE **60473** | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**COOK** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box.) |
|---|---|---|
| ☑ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☑ Other | ☑ Chapter 7      ☐ Chapter 15 Petition for<br>☐ Chapter 9           Recognition of a Foreign<br>☐ Chapter 11         Main Proceeding<br>☐ Chapter 12      ☐ Chapter 15 Petition for<br>☐ Chapter 13         Recognition of a Foreign<br>                          Nonmain Proceeding |

| Chapter 15 Debtors | Tax-Exempt Entity<br>(Check box, if applicable.) | Nature of Debts<br>(Check one box.) |
|---|---|---|
| Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding by, regarding, or against debtor is pending: | ☐ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code). | ☑ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."      ☐ Debts are primarily business debts. |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☐ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☑ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☑ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br><br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).*<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR<br>COURT USE ONLY |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

| **Voluntary Petition** | |
|---|---|
| *(This page must be completed and filed in every case.)* | |

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location Where Filed:    Northern District of Illinois | Case Number: | Date Filed: |
| Location Where Filed:    Northern District of Illinois | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor: | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐   Exhibit A is attached and made a part of this petition. | X _____<br>    Signature of Attorney for Debtor(s)     (Date) |

| **Exhibit C** |
|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety? |
| ☐   Yes, and Exhibit C is attached and made a part of this petition. |
| ☑   No. |

| **Exhibit D** |
|---|
| (To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.) |
| ☑   Exhibit D, completed and signed by the debtor, is attached and made a part of this petition. |
| If this is a joint petition: |
| ☐   Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition. |

| **Information Regarding the Debtor - Venue** |
|---|
| (Check any applicable box.) |
| ☑   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District. |
| ☐   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District. |
| ☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| **Certification by a Debtor Who Resides as a Tenant of Residential Property** |
|---|
| (Check all applicable boxes.) |
| ☐   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.) |
|      _____<br>     (Name of landlord that obtained judgment)<br><br>     _____<br>     (Address of landlord) |
| ☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and |
| ☐   Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition. |
| ☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)). |

| Voluntary Petition | Name of Debtor(s) |
|---|---|
| *(This page must be completed and filed in every case.)* | |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
    Signature of Debtor

X _____
    Signature of Joint Debtor
    312-399-0524
    Telephone Number (if not represented by attorney)
    02/17/2015
    Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
    (Signature of Foreign Representative)

    (Printed Name of Foreign Representative)

    Date

### Signature of Attorney*

X _____
    Signature of Attorney for Debtor(s)

    Printed Name of Attorney for Debtor(s)

    Firm Name

    Address

    Telephone Number

    Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
    Signature of Authorized Individual

    Printed Name of Authorized Individual

    Title of Authorized Individual

    Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

    Printed Name and title, if any, of Bankruptcy Petition Preparer

    Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

    Address

X _____
    Signature

    Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

B 1D (Official Form 1, Exhibit D) (12/09)

# UNITED STATES BANKRUPTCY COURT

## Northern District of Illinois

In re GARY BLAKLEY                          Case No._____
                Debtor                                        (if known)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

❏ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

❏ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

B 1D (Official Form 1, Exh. D) (12/09) – Cont.                                                     Page 2

    ☑ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*
INSUFFICIENT FUNDS. NEED TO FILE NOW TO ENJOIN ALL CREDITORS FROM ATTEMPTING TO COLLECT DEBTS. NEARLY INSOLVENT.

    **If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the counseling. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

    ❏ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

        ❏ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
        ❏ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);
        ❏ Active military duty in a military combat zone.

    ❏ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

    **I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: _____

Date: 2/17/15

B 6 Summary (Official Form 6 - Summary) (12/14)

# UNITED STATES BANKRUPTCY COURT

## Northern District of Illinois

In re  GARY BLAKLEY                        ,          Case No. _____
             *Debtor*

Chapter  7 _____

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities.  Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $ 0.00 | | |
| B - Personal Property | YES | 1 | $ | | |
| C - Property Claimed as Exempt | YES | 1 | | | |
| D - Creditors Holding Secured Claims | YES | 1 | | $ 0.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 1 | | $ 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 11 | | $ 25,000,000.00 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 1 | | | $ 459.00 |
| J - Current Expenditures of Individual Debtors(s) | YES | 1 | | | $ 200.00 |
| TOTAL | | 20 | $ 0.00 | $ 25,000,000.00 | |

B 6 Summary (Official Form 6 - Summary) (12/14)

# UNITED STATES BANKRUPTCY COURT
### Northern District of Illinois

In re  GARY BLAKLEY_____,        Case No. _____
         *Debtor*

                                               Chapter  7_____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts.  You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount | |
|---|---|---|
| Domestic Support Obligations (from Schedule E) | $ | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ | 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ | 0.00 |
| Student Loan Obligations (from Schedule F) | $ | 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ | 0.00 |
| TOTAL | $ | 0.00 |

**State the following:**

| | | |
|---|---|---|
| Average Income (from Schedule I, Line 12) | $ | 459.00 |
| Average Expenses (from Schedule J, Line 22) | $ | 200.00 |
| Current Monthly Income (from Form 22A-1 Line 11; **OR**, Form 22B Line 14; **OR**, Form 22C-1 Line 14) | $ | 459.00 |

**State the following:**

| | | | |
|---|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ | 0.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ | 0.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ | 0.00 |
| 4. Total from Schedule F | | $ | 0.00 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ | 0.00 |

B6A (Official Form 6A) (12/07)

In re   GARY BLAKLEY _____,        Case No. _____
                 **Debtor**                                                    **(If known)**

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| NONE | | | 0.00 | NONE |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | Total ▶ | 0.00 | |

(Report also on Summary of Schedules.)

B 6B (Official Form 6B) (12/07)

In re __GARY BLAKLEY_____,     Case No. _____
          **Debtor**                                                        **(If known)**

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.  Cash on hand. | X | N/A | | 0.00 |
| 2.  Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | N/A | | 0.00 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | N/A | | 0.00 |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | X | N/A | | 0.00 |
| 5.  Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | N/A | | 0.00 |
| 6.  Wearing apparel. | X | N/A | | 0.00 |
| 7.  Furs and jewelry. | X | N/A | | 0.00 |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | N/A | | 0.00 |
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | N/A | | 0.00 |
| 10.  Annuities.  Itemize and name each issuer. | X | N/A | | 0.00 |
| 11.  Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | N/A | | 0.00 |

B 6B (Official Form 6B) (12/07) -- Cont.

In re  GARY BLAKLEY _____,          Case No. _____
              **Debtor**                                                                    **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | N/A | | 0.00 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | N/A | | 0.00 |
| 14. Interests in partnerships or joint ventures.  Itemize. | X | N/A | | 0.00 |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | N/A | | 0.00 |
| 16.  Accounts receivable. | X | N/A | | 0.00 |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled.  Give particulars. | X | N/A | | 0.00 |
| 18. Other liquidated debts owed to debtor including tax refunds.  Give particulars. | X | N/A | | 0.00 |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | X | N/A | | 0.00 |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | N/A | | 0.00 |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | X | Pending state court judgment, Cook County. exclusive rights to enforce and possess the property in dispute | | 4,000,000.00 |

B 6B (Official Form 6B) (12/07) -- Cont.

In re __GARY BLAKLEY_____,        Case No. _____
           **Debtor**                                                                          **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | N/A | | 0.00 |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | Senior proprietary rights, title, and interest all res in dispute- Illinois | | 4,000,000.00 |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | N/A | | 0.00 |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | N/A | | 0.00 |
| 26. Boats, motors, and accessories. | X | N/A | | 0.00 |
| 27. Aircraft and accessories. | X | N/A | | 0.00 |
| 28. Office equipment, furnishings, and supplies. | X | N/A | | 0.00 |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | N/A | | 0.00 |
| 30. Inventory. | X | N/A | | 0.00 |
| 31. Animals. | X | N/A | | 0.00 |
| 32. Crops - growing or harvested. Give particulars. | X | N/A | | 0.00 |
| 33. Farming equipment and implements. | X | N/A | | 0.00 |
| 34. Farm supplies, chemicals, and feed. | X | N/A | | 0.00 |
| 35. Other personal property of any kind not already listed. Itemize. | X | All in corporeal rights and powers incident to ownership of the res in dispute (property) | | 4,000,000.00 |

_____ continuation sheets attached     Total➤ | $ | 0.00

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

B6C (Official Form 6C) (04/13)

In re GARY BLAKLEY_____,          Case No. _____
                    *Debtor*                                          *(If known)*

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:     ☐  Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                         $155,675.*
☐  11 U.S.C. § 522(b)(2)
☐  11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

*  *Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B 6D (Official Form 6D) (12/07)

In re  GARY BLAKLEY                                              ,          Case No. _____
          **Debtor**                                                                              **(If known)**

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☑  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN , AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |
| _____ continuation sheets attached | | | Subtotal ▶ (Total of this page) | | | | $ | $ |
| | | | Total ▶ (Use only on last page) | | | | $ | $ |
| | | | | | | | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

B 6D (Official Form 6D) (12/07) – Cont.                                                                                    2

In re  GARY BLAKLEY _____,          Case No. _____
        **Debtor**                                                                        **(if known)**

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN , AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |

Sheet no._____of_____continuation sheets attached to Schedule of Creditors Holding Secured Claims

         Subtotal (s)►
         (Total(s) of this page)    $ _____    $ _____

         Total(s) ►
         (Use only on last page)    $ _____    $ _____

         (Report also on Summary of Schedules.)    (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

B6E (Official Form 6E) (04/13)

In re  GARY BLAKLEY
_____,          Case No._____
         *Debtor*                                                                                    *(if known)*

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐  **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐  **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐  **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐  **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

*\* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B6E (Official Form 6E) (04/13)

In re  GARY BLAKLEY                                      ,          Case No._____
_____
         *Debtor*                                                              *(if known)*

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☑  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐  **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐  **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐  **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐  **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

* *Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B6E (Official Form 6E) (04/13) – Cont.

In re  GARY BLAKLEY                                  ,        Case No._____
                    *Debtor*                                                              *(if known)*


☐ **Certain farmers and fishermen**

   Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).


☐ **Deposits by individuals**

   Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).


☐ **Taxes and Certain Other Debts Owed to Governmental Units**

   Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).


☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

   Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507 (a)(9).


☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**

   Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance.  11 U.S.C. § 507(a)(10).


*\* Amounts are subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*


                                        __4__  continuation sheets attached

B6E (Official Form 6E) (04/13) – Cont.

In re   GARY BLAKLEY _____,    Case No. _____
                  *Debtor*                                    *(if known)*

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

none                                            **Type of Priority for Claims Listed on This Sheet**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| Account No.  12cr5684 <br><br> Leslie Geissler Munger <br>100 W. Randolph, Suite 15-500 <br>Chicago, IL 60601 | | | 02/28/2012 no enforceable claim. No consideration given to debtor | X | X | X | 0.00 | 0.00 | 0.00 |
| Account No.  12cr5684 <br><br> Internal Revenue Service <br>230 S. Dearborn St. <br>Chicago, IL 60604 | | | No enforceable tax claim. No consideration given to debtor | X | X | X | 0.00 | 0.00 | 0.00 |
| Account No.  12cr5684 <br><br> Illinois Dept. of Revenue <br>P.O. Box 64338 <br>Chicago, IL 60664-0338 | | | No enforceable tax claims. No consideration given to debtor | X | X | X | 0.00 | 0.00 | 0.00 |
| Account No.  12cr5684 <br><br> Chicago Police Dept. <br>3510 S. Michigan Ave. <br>Chicago, IL 60653 | | | No enforceable Claim. No consideration given. | X | X | X | 0.00 | 0.00 | 0.00 |

Sheet no. ___ of ___ continuation sheets attached to Schedule of
Creditors Holding Priority Claims

Subtotals▶ (Totals of this page)  $ 0.00  $ 0.00  0.00

Total▶ (Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.)  $ 4,000,000.00

Totals▶ (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.)  $ 0.00  $ 0.00

B6E (Official Form 6E) (04/13) – Cont.

In re __GARY BLAKLEY_____,   Case No._____
               *Debtor*   *(if known)*

☐ **Certain farmers and fishermen**

   Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

   Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**

   Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

   Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**

   Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).


* *Amounts are subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*


                     __4__ continuation sheets attached

B6E (Official Form 6E) (04/13) -- Cont.

In re   GARY BLAKLEY_____,    Case No. _____
                   *Debtor*                              *(if known)*

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

**Type of Priority for Claims Listed on This Sheet**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| **Account No.** 12CR5684 <br><br> ANITA ALVAREZ <br> 69 W. WASHINGTON ST. <br> CHICAGO, IL. 60602 | | | 02/28/2012 assignor of pending state claim. no consideration. | X | X | X | 4,000,000.00 | 0.00 | 4,000,000.00 |
| **Account No.** 12CR5684 <br><br> LISA MADIGAN <br> 100 W RANDOLPH, SUITE 16-100 <br> CHICAGO, IL 60601 | | | 02/28/2012 no consideration given to debtor assignee of pending claim | X | X | X | 0.00 | 0.00 | 0.00 |
| **Account No.** 12CR5684 <br><br> THOMAS J. DART <br> 50 W. WASHINGTON ST <br> CHICAGI, IL 60602 | | | 03/16/2012, execution bond holder. No consideration given to debtor | X | X | X | 0.00 | 0.00 | 0.00 |
| **Account No.** 12cr5684 <br><br> DAN RUTHERFORD <br> 100 W. RANDOLPH, <br> CHICAGO, IL. 60601 | | | 02/28/2012 Unsecured loan as to debtor.No consideration given to debtor | X | X | X | 0.00 | 0.00 | 0.00 |

Sheet no. __3__ of ___ continuation sheets attached to Schedule of Creditors Holding Priority Claims

| | | |
|---|---|---|
| Subtotals▶ (Totals of this page) | $ 4,000,000.00 | $ 0.00 | 4,000,000.00 |

Total▶
(Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.)    $

Totals▶
(Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.)    $    $

B 6F (Official Form 6F) (12/07)

In re  GARY BLAKLEY_____ ,                    Case No. _____
              **Debtor**                                              **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data..

☑  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| | | | Subtotal▶ | | | | $ |

_____continuation sheets attached

| | Total▶ | $ |
|---|---|---|

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) - Cont.

In re  GARY BLAKLEY_____,          Case No. _____
                    **Debtor**                                                                    **(if known)**

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |

Sheet no._____ of_____ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶  | $

Total▶  | $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6G (Official Form 6G) (12/07)

In re  GARY BLAKLEY_____ ,          Case No._____
        **Debtor**                                              **(if known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |

B 6H (Official Form 6H) (12/07)

In re __GARY BLAKLEY_____ ,          Case No. _____
        **Debtor**                                                              **(if known)**

# SCHEDULE H - CODEBTORS

    Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |
| | |
| | |
| | |
| | |

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | GARY | | BLAKLEY |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | | Northern District of Illinois | |
| Case number (if known) | _____ | | |

Check if this is:

☐ An amended filing

☐ A supplement showing post-petition chapter 13 income as of the following date:

_____
MM / DD / YYYY

Official Form B 6I

# Schedule I: Your Income

12/13

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:    Describe Employment

**1. Fill in your employment information.**

If you have more than one job, attach a separate page with information about additional employers.

Include part-time, seasonal, or self-employed work.

Occupation may include student or homemaker, if it applies.

| | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|
| Employment status | ☐ Employed<br>☑ Not employed | ☐ Employed<br>☐ Not employed |
| Occupation | _____ | _____ |
| Employer's name | _____ | _____ |
| Employer's address | _____ | _____ |
| | Number  Street | Number  Street |
| | _____ | _____ |
| | _____ | _____ |
| | City    State   ZIP Code | City    State   ZIP Code |
| How long employed there? | _____ | _____ |

## Part 2:    Give Details About Monthly Income

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $_____ | $_____ |
| 3. Estimate and list monthly overtime pay. | 3. | + $_____ | + $_____ |
| 4. Calculate gross income. Add line 2 + line 3. | 4. | $    0.00 | $_____ |

Debtor 1   GARY                                          BLAKLEY                Case number (if known)_____
           First Name    Middle Name          Last Name

|  | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| Copy line 4 here ................................................ → | 4. | $ _____0.00 | $ _____ |

**5. List all payroll deductions:**

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 5a. **Tax, Medicare, and Social Security deductions** | 5a. | $ _____ | $ _____ |
| 5b. **Mandatory contributions for retirement plans** | 5b. | $ _____ | $ _____ |
| 5c. **Voluntary contributions for retirement plans** | 5c. | $ _____ | $ _____ |
| 5d. **Required repayments of retirement fund loans** | 5d. | $ _____ | $ _____ |
| 5e. **Insurance** | 5e. | $ _____ | $ _____ |
| 5f. **Domestic support obligations** | 5f. | $ _____ | $ _____ |
| 5g. **Union dues** | 5g. | $ _____ | $ _____ |
| 5h. **Other deductions.** Specify: _____ | 5h. | + $ _____ | + $ _____ |
| 6. **Add the payroll deductions.** Add lines 5a + 5b + 5c + 5d + 5e +5f + 5g +5h. | 6. | $ _____ | $ _____ |
| 7. **Calculate total monthly take-home pay.** Subtract line 6 from line 4. | 7. | $ _____ | $ _____ |

**8. List all other income regularly received:**

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 8a. **Net income from rental property and from operating a business, profession, or farm** <br> Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ _____ | $ _____ |
| 8b. **Interest and dividends** | 8b. | $ _____ | $ _____ |
| 8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive** <br> Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ _____ | $ _____ |
| 8d. **Unemployment compensation** | 8d. | $ ___459.00 | $ _____ |
| 8e. **Social Security** | 8e. | $ _____ | $ _____ |
| 8f. **Other government assistance that you regularly receive** <br> Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. <br> Specify: __SNAP BENEFITS__ | 8f. | $ ___185.00 | $ _____ |
| 8g. **Pension or retirement income** | 8g. | $ _____ | $ _____ |
| 8h. **Other monthly income.** Specify: _____ | 8h. | + $ _____ | + $ _____ |
| 9. **Add all other income.** Add lines 8a + 8b + 8c + 8d + 8e + 8f +8g + 8h. | 9. | $ ___644.00 | $ _____ |
| 10. **Calculate monthly income.** Add line 7 + line 9. <br> Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. | $ ___644.00  + | $ _____  =  $ _____ |

11. **State all other regular contributions to the expenses that you list in** *Schedule J.*

Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.

Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*

Specify: _____   11. + $ _____

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities and Related Data,* if it applies   12.   $ ___644.00

**Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**
☑ No.
☐ Yes. Explain: _____

---

**Fill in this information to identify your case:**

Debtor 1    GARY                 BLAKLEY
         First Name         Middle Name         Last Name

Debtor 2
(Spouse, if filing) First Name         Middle Name         Last Name

United States Bankruptcy Court for the:    Northern District of Illinois

Case number
(if known)

**Check if this is:**

☐ An amended filing

☐ A supplement showing post-petition chapter 13
   expenses as of the following date:

    MM / DD / YYYY

☐ A separate filing for Debtor 2 because Debtor 2
   maintains a separate household

Official Form B 6J

# Schedule J: Your Expenses

12/13

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:   Describe Your Household

1. **Is this a joint case?**

☑ No. Go to line 2.
☐ Yes. **Does Debtor 2 live in a separate household?**

     ☐ No
     ☐ Yes. Debtor 2 must file a separate Schedule J.

2. **Do you have dependents?**

Do not list Debtor 1 and Debtor 2.

Do not state the dependents' names.

☑ No
☐ Yes. Fill out this information for each dependent..........................

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| _____ | _____ | ☐ No ☐ Yes |
| _____ | _____ | ☐ No ☐ Yes |
| _____ | _____ | ☐ No ☐ Yes |
| _____ | _____ | ☐ No ☐ Yes |
| _____ | _____ | ☐ No ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**

☑ No
☐ Yes

## Part 2:   Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form B 6I.)

            **Your expenses**

4. **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot.

     4.   $_____

If not included in line 4:

4a.   Real estate taxes                                4a.   $_____

4b.   Property, homeowner's, or renter's insurance       4b.   $_____

4c.   Home maintenance, repair, and upkeep expenses   4c.   $_____

4d.   Homeowner's association or condominium dues    4d.   $_____

Debtor 1    GARY           BLAKLEY           Case number *(if known)*_____

First Name     Middle Name     Last Name

**Your expenses**

| | | |
|---|---|---|
| 5. | **Additional mortgage payments for your residence,** such as home equity loans | 5. | $_____ |
| 6. | **Utilities:** | | |
| | 6a. Electricity, heat, natural gas | 6a. | $_____ |
| | 6b. Water, sewer, garbage collection | 6b. | $_____ |
| | 6c. Telephone, cell phone, Internet, satellite, and cable services | 6c. | $_____ |
| | 6d. Other. Specify: _____ | 6d. | $_____ |
| 7. | **Food and housekeeping supplies** | 7. | $_____200.00 |
| 8. | **Childcare and children's education costs** | 8. | $_____ |
| 9. | **Clothing, laundry, and dry cleaning** | 9. | $_____ |
| 10. | **Personal care products and services** | 10. | $_____ |
| 11. | **Medical and dental expenses** | 11. | $_____ |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. | $_____ |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. | $_____ |
| 14. | **Charitable contributions and religious donations** | 14. | $_____ |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | |
| | 15a. Life insurance | 15a. | $_____ |
| | 15b. Health insurance | 15b. | $_____ |
| | 15c. Vehicle insurance | 15c. | $_____ |
| | 15d. Other insurance. Specify:_____ | 15d. | $_____ |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: _____ | 16. | $_____ |
| 17. | **Installment or lease payments:** | | |
| | 17a. Car payments for Vehicle 1 | 17a. | $_____ |
| | 17b. Car payments for Vehicle 2 | 17b. | $_____ |
| | 17c. Other. Specify:_____ | 17c. | $_____ |
| | 17d. Other. Specify:_____ | 17d. | $_____ |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form B 6I).** | 18. | $_____ |
| 19. | **Other payments you make to support others who do not live with you.** Specify:_____ | 19. | $_____ |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.*** | | |
| | 20a. Mortgages on other property | 20a. | $_____ |
| | 20b. Real estate taxes | 20b. | $_____ |
| | 20c. Property, homeowner's, or renter's insurance | 20c. | $_____ |
| | 20d. Maintenance, repair, and upkeep expenses | 20d. | $_____ |
| | 20e. Homeowner's association or condominium dues | 20e. | $_____ |

| Debtor 1 | GARY | | BLAKLEY | Case number (if known)_____ |
| | First Name | Middle Name | Last Name | |

21.  **Other**. Specify: _____   21.  +$_____

22.  **Your monthly expenses.** Add lines 4 through 21.
     The result is your monthly expenses.                     22.   $_____200.00

23.  **Calculate your monthly net income.**

23a.  Copy line 12 (*your combined monthly income*) from *Schedule I*.   23a.  $_____459.00

23b.  Copy your monthly expenses from line 22 above.                     23b.  – $_____200.00

23c.  Subtract your monthly expenses from your monthly income.
      The result is your *monthly net income*.                           23c.  $_____259.00

24.  **Do you expect an increase or decrease in your expenses within the year after you file this form?**

     For example, do you expect to finish paying for your car loan within the year or do you expect your
     mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

     ☑ No.
     ☐ Yes.   Explain here:

B6 Declaration (Official Form 6 - Declaration) (12/07)

In re ___GARY BLAKLEY_____ ,        Case No. _____
           **Debtor**                                                          *(If known)*

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __21_ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date __02/17/2015_____        Signature: _____
                                                         **Debtor**

Date _____        Signature: _____
                                                    *(Joint Debtor, if any)*

*[If joint case, both spouses must sign.]*

-----------------------------------------------------------------------------------------------------
### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____        _____
Printed or Typed Name and Title, if any,        Social Security No.
of Bankruptcy Petition Preparer        *(Required by 11 U.S.C. § 110.)*

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____
_____
_____
Address

X _____        _____
Signature of Bankruptcy Petition Preparer        Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual.

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*
-----------------------------------------------------------------------------------------------------

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the _____ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership ] of the _____ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __21_ sheets *(Total shown on summary page plus 1)*, and that they are true and correct to the best of my knowledge, information, and belief.

Date _____

                            Signature: _____

                                    _____
                                      *[Print or type name of individual signing on behalf of debtor.]*

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*
-----------------------------------------------------------------------------------------------------
*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

B7 (Official Form 7) (04/13)

# UNITED STATES BANKRUPTCY COURT

### Northern District of Illinois

In re: __GARY BLAKLEY_____,         Case No. _____
         <span>Debtor</span>                                              (if known)

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(2), (31).

---

**1.   Income from employment or operation of business**

None

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                              SOURCE

B7 (Official Form 7) (04/13)                                                                      2

**2.  Income other than from employment or operation of business**

None

☐    State the amount of income received by the debtor other than from employment, trade, profession, operation of the
debtor's business during the **two years** immediately preceding the commencement of this case.  Give particulars.  If a
joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13
must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint
petition is not filed.)

AMOUNT                                        SOURCE

_____

**3.  Payments to creditors**

*Complete a. or b., as appropriate, and c.*

None

☐    a. *Individual or joint debtor(s) with primarily consumer debts:*  List all payments on loans, installment purchases of
goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of
this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600.
Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or
as  part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling
agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses
whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NAME AND ADDRESS OF CREDITOR          DATES OF          AMOUNT          AMOUNT
PAYMENTS          PAID          STILL OWING

None

☑    b. *Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made
within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that
constitutes or is affected by such transfer is less than $6,225*.  If the debtor is an individual, indicate with an asterisk
(*) any payments that were made to a creditor on account of a domestic support obligation or as  part of an alternative
repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors
filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or
not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)*

NAME AND ADDRESS OF CREDITOR          DATES OF          AMOUNT          AMOUNT
PAYMENTS/          PAID OR          STILL
TRANSFERS          VALUE OF          OWING
TRANSFERS

_____

*Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or
after the date of adjustment.*

B7 (Official Form 7) (04/13)                                                                                              3

None
[✓]     c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case
to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must
include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and
a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

---

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None
[ ]     a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately
preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include
information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated
and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| 12CR5684 | CRIMINAL | COOK COUNTY | PENDING |

None
[ ]     b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one
year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13
must include information concerning property of either or both spouses whether or not a joint petition is filed, unless
the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| STATE OF ILLINOIS | 02/28/2012 | BOND (SECURED) |

---

**5.   Repossessions, foreclosures and returns**

None
[✓]     List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu
of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case.
(Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both
spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

B7 (Official Form 7) (04/13)                                                                                4

**6.   Assignments and receiverships**



a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|



b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE Of PROPERTY |
|---|---|---|---|

**7.   Gifts**



List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

**8.   Losses**



List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

B7 (Official Form 7) (04/13)                                                                                          5

**9.  Payments related to debt counseling or bankruptcy**

None ☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for
consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy
within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| DEBTOR CC.ORG | 02/13/2015 | 9.95 |

---

**10.  Other transfers**

None 

a.   List all other property, other than property transferred in the ordinary course of the business or financial affairs of
the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of
this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses
whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None 

b.   List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case
to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

---

**11.  Closed financial accounts**

None ☑

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were
closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case.  Include
checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts
held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial
institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or
instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are
separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

---

B7 (Official Form 7) (04/13)

6

### 12. Safe deposit boxes



List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

### 13. Setoffs



List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

### 14. Property held for another person



List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

### 15. Prior address of debtor



If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

B7 (Official Form 7) (04/13)                                                                                      7

**16. Spouses and Former Spouses**



If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

---

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.



a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |



b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |



c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
| --- | --- | --- |

---

**18. Nature, location and name of business**



a. *If the debtor is an individual,* list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or

B7 (Official Form 7) (04/13)                                                                                  8

other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|



b.  Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

      NAME                                        ADDRESS

-------------------------------------------------------------------------------

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

-------------------------------------------------------------------------------

**19.  Books, records and financial statements**



a.  List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

      NAME AND ADDRESS                                        DATES SERVICES RENDERED

b.  List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

      NAME                          ADDRESS                   DATES SERVICES RENDERED

B7 (Official Form 7) (04/13)                                                                                9

None
[✓]  c. List all firms or individuals who at the time of the commencement of this case were in possession of the
books of account and records of the debtor.  If any of the books of account and records are not available, explain.

NAME                                                            ADDRESS


None
[✓]  d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a
financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

NAME AND ADDRESS                                                DATE ISSUED


_____

**20. Inventories**

None
[✓]  a. List the dates of the last two inventories taken of your property, the name of the person who supervised the
taking of each inventory, and the dollar amount and basis of each inventory.

DATE OF INVENTORY          INVENTORY SUPERVISOR          DOLLAR AMOUNT
                                                          OF  INVENTORY
                                                          (Specify cost, market or other basis)


None
[✓]  b. List the name and address of the person having possession of the records of each of the inventories reported
in a., above.

DATE OF INVENTORY                                          NAME AND ADDRESSES
                                                           OF CUSTODIAN
                                                           OF INVENTORY RECORDS


_____

**21 . Current Partners, Officers, Directors and Shareholders**

None
[✓]  a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the
partnership.

NAME AND ADDRESS          NATURE OF INTEREST      PERCENTAGE OF INTEREST


None
[✓]  b.   If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who
directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the
corporation.
                                                          NATURE AND PERCENTAGE
NAME AND ADDRESS                    TITLE                  OF STOCK OWNERSHIP


_____

B7 (Official Form 7) (04/13)                                                                                              10

**22 . Former partners, officers, directors and shareholders**



a.   If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately
preceding the commencement of this case.

NAME                                    ADDRESS                          DATE OF WITHDRAWAL



b.   If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated
within **one year** immediately preceding the commencement of this case.

NAME AND ADDRESS                        TITLE                            DATE OF TERMINATION

---

**23 . Withdrawals from a partnership or distributions by a corporation**



If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider,
including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite
during **one year** immediately preceding the commencement of this case.

NAME & ADDRESS                          DATE AND PURPOSE                 AMOUNT OF MONEY
OF RECIPIENT,                           OF WITHDRAWAL                    OR DESCRIPTION
RELATIONSHIP TO DEBTOR                                                   AND VALUE OF PROPERTY

---

**24. Tax Consolidation Group.**



If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any
consolidated group for tax purposes of which the debtor has been a member at any time within **six years**
immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION              TAXPAYER-IDENTIFICATION NUMBER (EIN)

---

**25. Pension Funds.**



If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to
which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately
preceding the commencement of the case.

NAME OF PENSION FUND                    TAXPAYER-IDENTIFICATION NUMBER (EIN)

* * * * * *

*[If completed by an individual or individual and spouse]*

B7 (Official Form 7) (04/13)                                                                                                11

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  02/17/2015                    Signature of Debtor  _____

Date  _____    Signature of Joint Debtor  (if any)  _____

---

*[If completed on behalf of a partnership or corporation]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date  _____                    Signature  _____

                                        Print Name and Title  _____

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

___continuation sheets attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571*

---

**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____        _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer        Social-Security No. (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social-security number of the officer, principal, responsible person, or partner who signs this document.*

_____
Address

_____        _____
Signature of Bankruptcy Petition Preparer        Date

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person

***A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  18 U.S.C. § 156.***

RECEIVED

IL SECRETARY OF STATE

UNIFORM COMMERCIAL CODE

02/04/15      12:14

$20 00    Electronic

## UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS

**20031255**                    FS

| A. NAME & PHONE OF CONTACT AT FILER (optional) |
| --- |
| Dwayne Littlejohn                    404-617-8528 |

| B. E-MAIL CONTACT AT FILER (optional) |
| --- |
| howardterrence727@gmail.com |

C. SEND ACKNOWLEDGMENT TO:  (Name and Address)

Gary Blakely

17132 Drexel Avenue

SOUTH HOLLAND, IL, 60473

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only <u>one</u> Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC 1Ad)

| 1a. ORGANIZATION'S NAME | | | | |
| --- | --- | --- | --- | --- |
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| BLAKELY | GARY | | | |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 17132 Drexel Avenue | SOUTH HOLLAND | IL | 60473 | USA |

2. DEBTOR'S NAME: Provide only <u>one</u> Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC 1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
| --- | --- | --- | --- | --- |
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| | | | | |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| | | | | |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only <u>one</u> secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
| --- | --- | --- | --- | --- |
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| LITTLEJOHN | DWAYNE | | | |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 56 HUDSON PLAZA, SUITE 160 | FAIRBURN | GA | 30213 | USA |

4. COLLATERAL: This financing statement covers the following collateral:
This is the entry of collateral on behalf of the Creditor/Principal; Dwayne Littlejohn and of the Debtor/Entity/Trust; GARY BLAKELY (the Estate) in the Commercial Chamber under necessity and the following property is hereby registered and liened in the same: All Certificates of Birth Document #112-80-617818, UCC Contract Trust Account #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; Exemption Identification Number: 348687331, is herein liened and claimed at a sum certain $100,000,000.00, also registered: Illinois State Driver License #B424-2928-0123, Security Agreement No. SA/GB -73310123-1, Power of Attorney No. POA/GB01237331-2, Hold Harmless & Indemnity Agreement No. HHIA-29287331GB-3, Common Law Copy-Right No. CLC/7331-6GB. Said lien registration is to secure the rights, title(s), interest and value therefrom, in and of the Root of Title and Birth Certificate #112-80-617818 as received by the ILLINOIS DEPARTMENT OF HEALTH AND WELFARE (Division of Vital Statistics), also liened; DNA, cDNA, cell lines, retina scans, fingerprints and all Debentures, Indentures, Accounts, and all the Pledges represented by same included but not limited to the pignus, hypotheca, hereditments, res, the energy and all products derived therefrom, nunc pro tunc, but not limited to all capitalized names: GARY BLAKELY, G. BLAKELY, G.B., Gary Blakely, or any derivatives thereof as used in commerce, contracts, agreements, and signatures and/or endorsements, facsimiles, printed, typed or photocopied of Creditor's name

5. Check <u>only</u> if applicable and check <u>only</u> one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and instructions) ☐ being administered by a Decendent's Personal Representative

6a. Check <u>only</u> if applicable and check <u>only</u> one box:
☐ Public-Finance Transaction  ☐ Manufactured-Home Transaction  ☐ A Debtor is a Transmitting Utility

6b. Check <u>only</u> if applicable and check <u>only</u> one box:
☐ Agricultural Lien  ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor  ☐ Consignee/Consignor  ☑ Seller/Buyer  ☐ Bailee/Bailor  ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
GARY BLAKELY DEBTOR-

FILING OFFICE COPY - UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

# UCC FINANCING STATEMENT **ADDENDUM**

FOLLOW INSTRUCTIONS

RECEIVED
IL SECRETARY OF STATE
UNIFORM COMMERCIAL CODE

02/04/15      12:14

$20.00    Electronic

**20031255**                    FS

**9. NAME OF FIRST DEBTOR:** Same as line 1a or 1b on Financing Statement; if line 1b was left blank because Individual Debtor name did not fit, check here ☐

| 9a. ORGANIZATION'S NAME | |
|---|---|
| OR | 9b. INDIVIDUAL'S SURNAME |
| | BLAKELY |
| | FIRST PERSONAL NAME |
| | GARY |
| | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**10. DEBTOR'S NAME:** Provide (10a or 10b) only **one** additional Debtor name or Debtor name that did not fit in line 1b or 2b of the Financing Statement (form UCC1) (use exact, full name; do not omit, modify, or abbreviate and part of the Debtor's name) and enter the mailing address in line 10c

| 10a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| OR  10b. INDIVIDUAL'S SURNAME | | | | |
| INDIVIDUAL'S FIRST PERSONAL NAME | | | | |
| INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | | | SUFFIX |
| 10c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

**11.** ☐ ADDITIONAL SECURED PARTY'S NAME **or** ☐ ASSIGNOR SECURED PARTY'S NAME:  Provide only **one** name (11a or 11b)

| 11a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| OR  11b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 11c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

**12. ADDITIONAL SPACE FOR ITEM 4 (Collateral):**

predicated on the 'Straw-man,' Ens legis/Trust/Estate described as the Debtor and all property is accepted for value and is exempt from levy. Creditor is not the guarantor or surety to any other account by explicit reservation. This filing is in accord with public policy and the national Uniform Commercial Code. All proceeds, products, accounts, baggage, fixtures and the Orders therefrom are to be released to the Secured Party as the authorized representative of the entity/debtor. Debtor is an Estate/Trust/Person.

**13.** ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS  (if applicable)

**14.** This FINANCING STATEMENT:
☐ covers timber to be cut   ☐ covers as-extracted collateral   ☐ is filed as a fixture filing

**15.** Name and address of a RECORD OWNER of real estate described in item 16 (if Debtor does not have a record interest):

**16.** Description of real estate:

**17. MISCELLANEOUS:**

FILING OFFICE COPY - UCC FINANCING STATEMENT ADDENDUM (Form UCC1Ad)  (Rev. 04/20/11)

# PRIVATE SECURITY AGREEMENT

This Security Agreement is made and entered into this 10th day of February 2015 by and between GARY BLAKELY, DEBTOR, hereinafter "DEBTOR," SOCIAL SECURITY ACCOUNT NUMBER 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, and Dwayne Littlejohn, hereinafter "Secured Party."

## PARTIES:

By: Dwayne Littlejohn; Hereinafter, Authorized Representative or A.R. and "Acceptor", the one and only Authorized Representative for the COPYHOLD TRUST/Estate known as GARY BLAKELY, and always including all verisimilitudes and title plants.

FOR: The COPYHOLD TRUST/Estate known as GARY BLAKELY, and always including all verisimilitudes and title plants; HEREINAFTER: DEBTOR and BENEFICIARY.

For: the ultimate benefit, interest and use of, by and for: Dwayne Littlejohn, Hereinafter: copyholder, beneficiary and real party in interest of the GARY BLAKELY TRUST/Estate. Further defined as a real, living, breathing and sentient being and beneficiary and Secured Party Creditor of GARY BLAKELY and always including all verisimilitudes and title plants, the Copyhold TRUST/Estate.

FROM: GARY BLAKELY, Estate HEREINAFTER: DEBTOR and BENEFICIARY.
[AN ARTIFICIAL CORPORATE ENTITY / PERSON / Ens legis ]

SUBJECT REFERENCE: GARY BLAKELY, Estate

## CAUSE:
This Security Agreement is made and entered into this 10th day of February 2015 by and between DEBTOR and Secured Party Creditor respectively.

If any part or portion of this Security Agreement is found to be invalid or unenforceable, such part or portion shall not void any other part or portion as reasonably severable from said parts or portions, and does not affect the remaindered of the agreements.

**DEBTOR:**
　　　　GARY BLAKELY

**SECURED PARTY:**
　　　　Dwayne Littlejohn

# AGREEMENT

IN CONSIDERATION, DEBTOR grants all interests to Secured party in exchange for Secured Party, acting to manage, protect and defend all interests of DEBTOR.

The collateral is described herein:
- All Schedules.
- All filings.

- All accounts.
- All fixtures.
- All derivatives.
- All registries.
- All certifications.
- All licenses.
- All bonds.
- All charters
- All treaties.
- All obligations due.
- All duties charged.
- All Articles of Incorporation.
- All Oaths.
- All applications.
- All acceptances.
- All insurances.
- All intellect.
- All beneficial interests including mutual funds, retirement funds, severance pay, college education funds, pension funds, well fare, charity, food stamps, Social Security.
- All UCC filings, in the nominee of BENEFICIARY as CREDITOR and all property referred as 'collateral' or 'surety'.
- All UCC filings in the nominee DEBTOR herein, as CREDITOR and all property referred as 'collateral' or 'surety'.

To secure all SECURED PARTY'S property, interest, income and benefits from DEBTOR'S entire estate, minus all liabilities. Including all sources derived from direct and indirect, absolute or contingent, due or future, and/or dismissed, abandoned, conveyed, transferred, held, and/or possessed in both the public and in private. This also includes: all agreements parole or expressed, held in trust, Estate, in rem, or receivable, including but not limited to pre-existing and future claims, and all potentials including the rights of subrogation. SECURED PARTY maintains the right of:

1. Signing by accommodation for DEBTOR in all cases whatsoever wherein any signature of DEBTOR is required.
2. Issuing a binding commitment to extend credit or for the extension of immediately available credit, whether or not drawn upon and whether or not a chargeback is provided for in the event of difficulties in collection.
3. Providing the security by DEBTOR for payment of all sums due or owing, past, present and future.
4. Investigation of all sources of assets, exercise of faculties, and labor of SECURED PARTY, that provide the valuable consideration sufficient to support any contract which DEBTOR may execute or to which DEBTOR may be regarded as bound by to any person whatsoever and subjects DEBTOR to:
   a. Voluntary entry of DEBTOR into the Commercial Registry.
   b. Transfers, conveyances and assignments to SECURED PARTY, a security interest in all collateral and interests, including that described herein.
   c. Agreements to be, act, and function in law and commerce, as the unincorporated, proprietary trademark of SECURED PARTY for exclusive and discretionary use by SECURED PARTY in any manner that SECURED PARTY elects.

## PUBLIC LAWFUL NOTICE

Filing or registration of this Security Agreement by any Party constitutes open, lawful, public notice that:

The law, venue, and jurisdiction of this Security Agreement is the ratified, finalized, signed, and sealed private contract freely entered into by and between DEBTOR and SECURED PARTY as registered herewith. This Security Agreement is contractually complete herein and herewith and cannot be abrogated, altered, or amended, in whole or part, without the express, written consent of SECURED PARTY.

1. SECURED PARTY signing, signs by accommodation for DEBTOR, when necessary, in every manner where DEBTOR'S signature is required. SECURED PARTY reserves the right to make sufficient claims to secure such indebtedness until satisfied in whole.
2. All property of DEBTOR is assigned to SECURED PARTY.
3. DEBTOR authorizes all uses of DEBTOR'S name in any manner SECURED PARTY elects.
4. All other uses of DEBTOR'S name must be done with express consent of SECURED PARTY.
5. All legal means to protect the security interest being established by this Agreement will be used by SECURED PARTY.
a) Whenever necessary and all support needed by SECURED PARTY to protect his/her security interest in the collateral herein identified or otherwise added will be provided by SECURED PARTY including but not limited by commercial/tort lien process, by agreement of DEBTOR.

Execution of this Security Agreement incorporates an obligation by Indemnitor. Indemnitor will cooperate to perfect, insure, assure, and protect SECURED PARTY'S interest, or pay professional services for the same. This security interest established by agreement of all parties, will continue until DEBTOR is relieved of all liability associated herein to SECURED PARTY, and until all consideration due and owing has been delivered to SECURED PARTY, regardless of who is in possession of the collateral.

DEBTOR warrants that SECURED PARTY'S claim against the collateral is enforceable according to all STANDARD TERMS AND CONDITIONS expressed herein. In addition, all applicable laws promulgated for protecting the interests of a CREDITOR against a DEBTOR apply.

SECURED PARTY also warrants that it holds and controls all interests to the collateral, free and clear of all actual and constructive trusts, lawful liens, levy and encumbrances transferable from DEBTOR. Encumbrances presented, to or belonging to DEBTOR, against the collateral shall remain secondary to this agreement, unless registered prior to the registration of SECURED PARTY'S interest in the same collateral, establishing them as non-transferable, as is well-established in international commercial law.

DEBTOR shall promptly advise SECURED PARTY of any Claims and provide SECURED PARTY with full details of said Claims, *inter alia*, copy of all documents, correspondence, suits, or actions received by or served upon DEBTOR. DEBTOR shall fully cooperate with SECURED PARTY in any discussion, negotiation, or other proceeding relating to any Claim AS IT AFFECTS SECURED PARTY'S rights.

## GENERAL PROVISIONS
### Possession of Collateral

Collateral or evidence of collateral may remain in the possession of DEBTOR, to be kept at any location elected by SECURED PARTY. Notice of changes in location will be made to DEBTOR within ten (10) days of such relocation. SECURED PARTY agrees not to otherwise remove the collateral except as is expected in the ordinary course of business. DEBTOR agrees to acquire prior written authorization from SECURED PARTY for any and all uses of any collateral. SECURED PARTY may possess all tangible personal property included in collateral, and have beneficial use of all collateral, and may use it in any manner elected. SECURED PARTY'S right to possession and beneficial is unaffected by any collateral that is in the possession of DEBTOR, even if such possession is required by other law to perfect SECURED PARTY'S interest in such collateral. If DEBTOR, at any time, has possession of any part of the collateral, SECURED PARTY shall be deemed to have exercised reasonable care in the custody and preservation of the collateral.

## Proceeds and Products from Collateral

All proceeds and products from the disposition of the collateral, for whatever reason, shall be held in trust for SECURED PARTY and shall not be commingled with any other accounts or funds without the express consent of SECURED PARTY. Notice of such proceeds must be delivered to SECURED PARTY immediately upon receipt. DEBTOR agrees not to sell, offer to sell, or otherwise transfer or dispose of the collateral, except for inventory sold or accounts collected in the ordinary course of DEBTOR'S public business. DEBTOR must not pledge, mortgage, encumber, or otherwise permit the collateral to be subject to any lien, levies, security interests, encumbrances, or charges, other than the security interests established by or through this Security Agreement, without the prior written consent of SECURED PARTY.

## Maintenance of Collateral

DEBTOR agrees to maintain all collateral in good condition and repair, and not to commit or permit damage to or destruction of the collateral or any part of the collateral. SECURED PARTY, and/or expressly authorized and designated representatives and agents, shall have the right at all reasonable times to examine, inspect, and audit the collateral wherever located. DEBTOR shall immediately notify SECURED PARTY of all cases involving the return, rejection, repossession, loss, or damage of or to any collateral, generally of all happenings and events affecting the collateral or the value or the amount of the collateral, and specifically, all requests for credit or adjustment of collateral, or dispute arising with respect to the collateral.

## Compliance with Law

DEBTOR shall comply promptly with all laws, ordinances, and regulations of all properly authorized government authorities applicable with the production, disposition, or use of the collateral. Contracts with non-government authorities will result in breach. DEBTOR may contest in good faith any such law, ordinance, or regulation without compliance during a proceeding, including appropriate appeals, so long as SECURED PARTY'S interest in the collateral is protected and in no way jeopardized. SECURED PARTY may, upon election, intervene in any situation that appears to place the collateral in jeopardy.

## Public Disputes

DEBTOR agrees to pay all applicable taxes, assessments, and liens, when due, against any collateral in his possession; provided that such taxes, assessments, and liens are proved to be superior to the lawful claim established by this Security Agreement, and subsequently perfected by appropriate registration. In the event that DEBTOR elects to dispute such taxes, assessments, and liens, SECURED PARTY'S interest must be protected at all times, at the sole opinion of SECURED PARTY, who may, at his option,

intervene in any situation that appears to jeopardize SECURED PARTY'S interest in any collateral. DEBTOR may elect to continue pursuit of dispute of such taxes, assessments, and liens, only upon production of a surety bond by public claimant(s), in favor of SECURED PARTY, sufficient to protect SECURED PARTY from loss, including all costs and fees associated with such dispute. Should public judgment against DEBTOR or any collateral result from such dispute, DEBTOR agrees to satisfy such judgment from its accounts established and managed by the UNITED STATES or its subdivisions, agents, officers, or affiliates, so as not to adversely affect SECURED PARTY'S interest in the Collateral.

## SUBORDINATION OF DEBTOR'S DEBTS
## TO SECURED PARTY

Providing SECURED PARTY, subsequent to the execution of this agreement, perfects his security interest in the collateral by appropriate registration, DEBTOR agrees that its indebtedness to SECURED PARTY, whether now existing or hereafter created, shall have priority over unregistered claims that any third parties may raise against DEBTOR or the collateral, whether or not DEBTOR is or becomes insolvent. DEBTOR hereby expressly subordinates any claim that DEBTOR may have against SECURED PARTY, upon any account whatsoever, to the claims that SECURED PARTY has or will have against DEBTOR.

If SECURED PARTY so requests, all notes or credit agreements now or hereafter established, evidencing debts or obligation of DEBTOR to third parties, shall be marked with a legend that the same are subject to this agreement and shall be delivered to SECURED PARTY. DEBTOR agrees, and SECURED PARTY hereby is authorized, in the name of DEBTOR, to execute and file such financing statements and other commercial statements, as SECURED PARTY deems necessary or appropriate to perfect, preserve, and enforce his/her rights under this agreement.

## FIDELITY BOND

Know all men by these presents, that DEBTOR; GARY BLAKELY, establishes this bond in favor of SECURED PARTY: Dwayne Littlejohn, in the sum of present Collateral Values up to the penal sum of One Hundred Million United States Dollars ($100,000,000.00), for the payment of which bond, well and truly made, DEBTOR binds DEBTOR and DEBTOR'S heirs, executors, administrators, and third-party assigns, jointly and severally, by these presents.

The condition of the above bond is: SECURED PARTY covenants to do certain things on behalf of DEBTOR, as set forth above in Agreement, and DEBTOR, with regard to conveying goods and services in Commercial Activity to SECURED PARTY, covenants to serve as a 'commercial' transmitting utility therefore and, as assurance of fidelity, grants to SECURED PARTY a Security Interest in the herein below described Collateral.

This bond shall be in force and effect as of the date hereon and until DEBTOR; GARY BLAKELY, is released from liability by the written order of the UNITED STATES GOVERNMENT and provided that said DEBTOR'S Surety; Dwayne Littlejohn may cancel this bond and be relieved of further liability hereunder by delivering thirty (30) day written notice to DEBTOR. No such cancellation shall affect any liability incurred or accrued hereunder prior to the termination of said thirty (30) day period. In such event of notice of cancellation, DEBTOR agrees to reissue the bond before the end of said thirty (30) day period for an amount equal to or greater than the above-stated value of this Security Agreement, unless the Parties agree otherwise.

## INDEMNITY CLAUSE

DEBTOR, without the benefit of discussion or division, does hereby agree, covenant, and undertake to indemnify, defend, and hold SECURED PARTY harmless from and against all claims, losses, liabilities, costs, interests, and expenses, hereinafter referred to as "Claims" or "Claim". Claims include, without restriction, all legal costs, interests, penalties, fees and fines suffered or incurred by DEBTOR, in accordance with SECURED PARTY'S personal guarantee with respect to any loan or indebtedness of DEBTOR or collateral, including any amount DEBTOR might be deemed to owe to any CREDITOR for any reason whatsoever.

## OBLIGATIONS SECURED

The security interest granted herein secures all indebtedness and liability whatsoever of DEBTOR to SECURED PARTY, whether direct or indirect, absolute or contingent, due or to become due, now existing or hereafter arising, and however evidenced.

## COLLATERAL

The collateral to which this Security Agreement pertains to, inter alia, is herein described below as personal and real property of DEBTOR. The collateral is now owned or possessed, and includes property hereafter acquired, by DEBTOR, in which SECURED PARTY now holds all interests and/or entitled benefits. SECURED PARTY retains all rights of possession, benefit and use, including but not limited to, all principle, interests, proceeds, products, accounts, fixtures, and the Orders there from, All claims of DEBTOR are forfeited, surrender and released to SECURED PARTY.

Before any of the herein itemized property can be disbursed, exchanged, sold, tendered, forfeited, gifted, transferred, surrendered, conveyed, destroyed, disposed of, or otherwise removed from DEBTOR'S possession, settlement with SECURED PARTY must be satisfied in full and acknowledgment of the same completed to the satisfaction of SECURED PARTY.

## COLLATERAL CLARIFICATIONS

- All collateral includes all contracts include all attachments, fixtures, agreements, addendums, derivatives, proceeds, products, goods, and services.
- All collateral includes all assets and equity.
- All collateral includes: institutional, industrial, manufacturing, educational, agricultural, social, and cultural and purposes and uses;
- All collateral includes all structures and fixtures above and below ground including: cottages, cabins, houses, barns, sheds, warehouses, greenhouses, penitentiaries, stores, markets, facilities, stations, fences, corrals, docks, arenas, theaters, halls, clubhouses, offices, chambers, and buildings for any use or purpose;
- All collateral includes all infrastructure including all roads, driveways, sewers, plumbing, electricity, communications, networks, plants, facilities, septic, sanitation, irrigation, drainage, walkways, paths, tunnels, chambers, power and energy sources, and waste management for all uses and purposes;
- All collateral includes all property developed and undeveloped.
- All collateral includes all receipts and proof of purchase, registrations, products, goods, services, and proof of clear title and ownership.
- All collateral includes crops, the host that the crops are harvested from and all harvested and un-harvested crops.
- All collateral includes materials processed, unprocessed, and raw materials and everything in between.
- All collateral includes all inventory harvested, un-harvested, pasteurized, unpasteurized, raw,

unprocessed, processed, produced and everything in between.
- All collateral includes inventory, products, goods and services;
- All collateral includes potential.
- All collateral accounts include all assets and rights, for all purposes and uses, from accounts, fixtures, cases, liens, levies, instruments, documents, contracts, bonds, stock, certificates, agreements, grants, acquisitions, assumptions, conveyors, utilities, transmitters, accounts receivable, write-offs, and set-offs.
- All collateral includes all assets including all gains, proceeds, equity, capital, accounts receivable, derivatives, depreciations, inventory, materials, products, goods, and services.
- All collateral includes agricultural assets including all livestock, chattels, and crops.
- All fixtures includes all attachments;
- All derivatives include all futures.
- All machinery, equipment, vessels, vehicles, crafts, and the like include all fixtures, accoutrements, baggage, and cargo affixed or pertaining thereto or stowed therein, *inter alia*: all motors, engines, ancillary equipment, accessories, parts, tools, instruments, electronic equipment, navigation aids, service equipment, lubricants, and fuels and fuel additives;
- All collateral includes the transfer of all Rights to buy, sell, trade, grow, raise, gather, hunt, trap, angle, and store food, fiber, and raw materials for shelter, clothing, survival and commercial and/or personal gain;
- All collateral may be used for any purpose or use SECURED PARTY elects;
- All collateral includes to all income, principle, interest, benefits and gifts from every source;

SECURED PARTY herein claims all collateral and rights of DEBTOR(s) attached to:
1. All assets, including accounts, principle, interest, capital, proceeds, products, inventory, accounts, cases, papers, documents, contracts, receipts, fixtures, derivatives and proof of Owner's Equity;
2. All rents, leases, sales, salaries, wages, gains, and income;
3. All land, water, mineral, and air rights including rights;
   a. All land includes, residential, commercial, agricultural, forestry, parks and recreation, waterfront and beach, islands, atolls, and mining claims, leased, rented, or owned, developed and undeveloped;
   b. All water includes all alluvial flow, lakes, rivers, oceans, aquifers, levies, banks, shores, streams, creeks, springs, ponds, reservoirs, contributories, beds, bars, deltas, swaps, pools, wells, irrigation, rain, snow, runoff, condensation, catches, basins, ditches, and troughs;
   c. All mineral rights include all minerals, metals, and mining and extraction right;
   d. All air rights include the air itself and the space it exists in, plus all rights of marketing and extraction;
4. All accounts, bank and otherwise, including "safety deposit" boxes and the contents therein, credit card accounts, mutual fund, money markets, investment, portfolios, trust accounts, certificates of deposit, checking, savings, retirement plans, deposits, escrow, mortgage, college fund, stocks, bonds, securities, certificates on deposit, bonds, vacation, time share, certificates of deposit, drafts, futures, notes, options, puts, calls, pension plans, warrants, 401-K's, and the like;
5. All cash, coins, money, Federal Reserve Notes, and Silver Certificates;
6. All benefits from all trust account;
7. All inventory and raw materials;
8. All machinery;
9. All equipment;
10. All vessels, including all boats, yachts, ships, and water craft;
11. All vehicles including autos, trucks, four-wheel vehicles, trailers, wagons, motorcycles, bicycles, tricycles, wheeled conveyances;
12. All crafts;
13. All aircraft, including gliders, balloons;

14. All motor homes, trailers, mobile homes, recreational vehicles, house, cargo, and travel trailers;
15. All fixtures, accoutrements, baggage, and cargo;
16. All agricultural assets including livestock, chattels, food, supplies, seeds, plants, chemicals, crops;
17. All computers, computer-related equipment and accessories, stored files and data and peripherals for all uses;
18. All office equipment including communications equipment, computers, printers, scanners, office copiers and office machines;
19. All electronics and equipment, including hobby, computers, printers, recreational and business applications and uses;
20. All aural/audio and/or video capturing, production, video recorders, cam recorders, voice recorders and/or reproduction systems and peripherals, films, tapes, sound tracks, compact discs, phonographs, jukeboxes, records, film, cameras, projectors, and televisions for all uses;
21. All musical instruments;
22. All manuscripts, booklets, pamphlets, treatises, treatments, monographs, stories, written material, libraries, plays, screenplays, lyrics, songs, music;
23. All books and manuals;
24. All aliases, identities, D/B/A and nicknames;
25. All Trademarks, Registered Marks, copyrights, patents, proprietary data and technology, inventions, royalties, good will;
26. All credentials, scholastic degrees, diplomas, honors, awards, meritorious citations;
27. All records, diaries, journals, photographs, negatives, transparencies, images, video footage, film footage, drawings, sound records, audio tapes, video tapes, computer production or storage of all kinds whatsoever;
28. All live scans and corporal identification factors, including RNA, DNA, gene bank information, blood and blood fractions, biopsies, tissue, body parts, organs, hair, teeth, nails, semen, eggs, urine, fluids or matter, voice-print, retinal image, fingerprints, footprints, palm prints, thumbprints, and said factors' physical counterparts, in any form, and all records, BEAST numbers, record numbers, and information pertaining thereto and the descriptions therefrom;
29. All biometrics data, records, information, patents, copyrights, and trademark and processes not elsewhere described, the use and proceeds thereof; and the use of the information contained therein or pertaining thereto;
30. All Rights to obtain, use, request, or refuse or authorize the administration of, any food, beverage, nourishment, or water, or any substance to be infused, ingested, injected into, or affecting the body by any means whatsoever;
31. All Rights to request, refuse, or authorize the administration of; any drug, manipulation, material, process, procedure, ray, or wave which alters, or might alter the present or future state of the body, mind, spirit, or will by any means, method, or process whatsoever;
32. All keys, locks, lock combinations, encryption codes or keys, safes, secured places, and security devices, security programs, and any software, machinery, or devices related thereto;
33. All Rights to access and use utilities upon payment of the same unit costs as the comparable units of usage offered to most-favored customers, *inter alia*, cable, electricity, garbage, gas, internet, satellite, sewage, telephone, water, www, and all other methods of communication, energy transmission, and food water and/or sustenance distribution;
34. All Rights to barter, buy, contract, sell, or trade ideas, products, services, or work;
35. All suppliers, manufactures, shippers, consultants, resources, employees, professionals, contractors, subcontractors, mailing lists, data bases, and customers;
36. All Names, Nominees, DBAs and Corporate Soles used and/or executed, registered, claimed, assumed, presumed, and/or filed, and the right to be executed and filed, under said names;
37. All intellectual property, goods, and services;
38. All signatures, signs and seals;

39. All insurance policies including life, health care, unemployment, workman's comprehension, malpractice, risk, disability, homeowner's, automobile, business, license, renter's, hazard, and those against losses, damages, injuries and the like professional and private.

40. All present and future retirement incomes;

41. All nest eggs and hidden money in antiques, old vehicles and the like;

42. All survivorship rights and benefits;

43. All inheritances prior, present and future;

44. All prepaid burial plots, funeral expenses and services;

45. All applications, filings, correspondence, information, identifying marks, image licenses or travel documents, materials, permits, registrations, and records and records numbers held by any entity, for any purpose, however acquired, as well as the analyses and uses thereof, and any use of any information and images contained therein, regardless of creator, method, location, process, or storage form, *inter alia*, all processed algorithms analyzing, classifying, comparing, compressing, displaying, identifying, processing, storing, or transmitting said applications, filings, correspondence, information, identifying marks, image licenses or travel documents, materials, permits, registrations, and records and records numbers, and the like;

46. All library cards and rights;

47. All credit, charge, and debit cards, mortgages, notes, applications, card numbers, and associated records and information;

48. All court cases and judgments, past, present, and future, in any court whatsoever, and all bonds, orders, warrants, and other matters attached thereto or derived there from;

49. All jewelry, heirlooms, precious metals, bullion, coins, precious jewels, semi-precious stones, mounts, and any storage boxes within which said items are stored;

50. All tax correspondence, filings, notices, coding, record numbers, and any information contained therein, wherever and however located, and no matter by whom said information was obtained, compiled, codified, recorded, stored, analyzed, processed, communicated, or utilized;

51. All lotteries, overpayments, prepayments, prizes, rebates, refunds, returns, Treasury Direct Accounts, claimed and unclaimed funds, and all records and records numbers, correspondence, and information pertaining thereto or derived there from;

52. All agricultural crops, includes herbs, cultivated plants, growing plants, inventory, ancillary equipment, supplies, propagation plants, and seeds, and all related storage facilities, greenhouses, products of and for and all equipment, inventories, tools, supplies, contracts, accoutrements involved in the planting, tilling, harvesting, processing, preservation, and storage of all products of agriculture;

53. All farm, lawn, and irrigation equipment, accessories, attachments, hand-tools, implements, service equipment, parts, and supplies, and storage sheds and contents;

54. All fuel, fuel tanks, containers, and involved or related delivery systems;

55. All leisure and professional hobby, metal-working, woodworking, and other such machinery, and all ancillary equipment, accessories, consumables, power tools, hand tools, inventories, storage cabinets, toolboxes, work benches, shops, and facilities;

56. All leisure and sporting, fishing, hunting, and camping equipment, and all special clothing, materials, supplies, boats, Jet Ski's, trailers, snowmobiles, ATV's equipment, RV's, camping equipment of any kind and baggage related thereto;

57. All rifles, guns and related accessories, ammunition and the integral components thereof;

58. All radios, televisions, communication equipment, receivers, transceivers, transmitters, antennas, and towers, and all ancillary equipment, supplies, computers, software programs, wiring, and related accoutrements and devices;

59. All power-generating and/or transforming machines or devices, and all storage, conditioning, control, distribution, wiring, and ancillary equipment pertaining or attached thereto;

60. All hot tubs, Jacuzzis, and pools;

61. All personal and professional construction tools, equipment and supplies including water wells and

well-drilling equipment, and all ancillary equipment, chemicals, tools, and supplies;

62. All shipping, storing, and cargo containers, and all chassis, truck trailers, vans, and the contents thereof; whether on-site, in transit, or in storage anywhere;

63. All building and development plans, permits, licenses, bonds, and insurances.

64. All communications and data, and the methods, devices, and forms of information storage and retrieval, and the products of any such stored information;

65. All books, drawings, magazines, manuals, and reference materials regardless of physical form;

66. All artwork, paintings, etchings, photographic art, lithographs, and serigraphs, and all frames and mounts pertaining or affixed thereto;

67. All food, and all devices, tools, equipment, vehicles, machines, and related accoutrements involved in food preservation, preparation, growth, transport, and storage;

68. The Will of DEBTOR;

69. All wedding bands and rings, watches, wardrobe, and toiletries;

70. All household goods and appliances, linens, furniture, kitchen utensils, cutlery, tableware, cooking utensils, pottery, antiques;

71. All businesses, corporations, companies, trusts, partnerships, limited partnerships, organizations, proprietorships, and the like, now owned or hereafter acquired, and all books and records thereof and there from, all income there from, and all accessories, accounts, trash, equipment, information, inventory, money, spare parts, and computer software pertaining thereto;

72. All packages, parcels, envelopes, or labels of any kind whatsoever which are addressed to, or intended to be addressed to, DEBTOR, whether received or not received by DEBTOR;

73. All telephone numbers, and contacts;

74. Any property not specifically listed, named, or specified by make, model, serial number, etc., is expressly herewith included as collateral of DEBTOR that is forfeited and surrendered to SECURED PARTY for satisfaction of this debt. This as it applies to any and all 'property' as described in detail and registered and filed under necessity in the exercise of the right of Redemption for SECURED PARTY and/or CREDITOR.

75. Proceeds from BENEFICIARY'S property, labor and intellectual contributions from every source;

76. DEBTOR'S CERTIFICATION OF BIRTH and including Application for Birth Certificate and File Number, and all other Certificates of Birth, Certificates of Living Birth, Notifications of Registration of Birth, or Certificates of Registration of Birth, or otherwise entitled documents of birth whether county, state, federal, or other either ascribed to or derived from the name of DEBTOR identified above, or based upon the above described birth document.

77. All Immigration and legalization papers

78. All Social Security BENEFITS

79. All Driver Licenses # driver license number

80. All UCC Filings and Number UCC File # plus all addendums

81. All property listed on Legal Notices and Demands that are filed in DEBTOR'S county, state, and nation.

82. All registration in county, state, national and international registries

NOTE: SECURED PARTY reserves the right to add or amend this private Security Agreement as needed or as necessary by SECURED PARTY or expressly authorized representative.

83. building materials and prefabricated buildings, and all components or materials pertaining thereto, before or during manufacture, transportation, storage, building, erection, or vacancy while awaiting occupancy thereof;

84. All construction machinery, equipment, supplies, resources, tools, vehicles and all ancillary equipment, supplies, materials, fuels, fuel additives, supplies, materials, and service equipment pertaining thereto;

## ADVISORY

All instruments and documents referenced/itemized above are accepted for value, with all related

endorsements, front and back, in accordance with UCC § 3-419 and House Joint Resolution 192 of June 5, 1933. This Security Agreement is accepted for value, property of SECURED PARTY, and not dischargeable in bankruptcy court as SECURED PARTY'S property is exempt from third-party levy. This Security Agreement supersedes all previous contracts or Security Agreements between DEBTOR and SECURED PARTY except for Contract included.

DEBTOR agrees to notify all of DEBTOR'S former CREDITORS, future CREDITORS, and any possible purchasers of the herein-described Collateral status, of this Security Agreement.

This Security Agreement devolves on BENEFICIARIES and ASSIGNS, who take title to this Security Agreement, as SECURED PARTY to hold and enforce interests by CONSENSUAL AGREEMENT and Private Contract in deed and stead of BENEFICIARY.

SECURED PARTY maintains the right to sign by accommodation for DEBTOR when and wherever the signature of DEBTOR will be required and necessary. SECURED PARTY signs for DEBTOR as 'agent' and/or 'AUTHORIZED REPRESENTATIVE' of DEBTOR. SECURED PARTY reserves the right to make sufficient claims to secure such indebtedness until satisfied in whole.

SECURED PARTY maintains all options and rights of transfer, and may issue an assignment of the complete Security Agreement or any division of parts therefrom. In the event of dishonor by DEBTOR, or difficulties in collection, SECURED PARTY has full authority and agreement to take all actions deemed necessary for acquisition of remedy and receivables by any means.

## BREACH OF CONTRACT

1. Any of the following events will establish a breach:
2. Failure by DEBTOR to pay SECURED PARTY any secured debts when due.
3. Failure by DEBTOR to perform any secured obligations when required to be performed.
4. Any breach of any warranty or guarantees by DEBTOR contained in this Security Agreement.
5. Any breach, loss, damage, expense, fee, custom, duty, or injury to SECURED PARTY by virtue of the Private Contract, or included on PRICE LIST.
6. Failure to report any income or precedes accruing from any principles, interests, or transactions.
7. Evidence that a statement, warranty, guarantee or representation made or implied, at any time, in this or other Agreements by DEBTOR, is false, misleading, or incomplete in any material respect made or furnished.

Dissolution or termination of DEBTOR'S existence as a legal entity or the insolvency of DEBTOR, upon the appointment of a receiver, for all or any portion of DEBTOR'S property, an assignment for the benefit of inferior CREDITORS, or the commencement of proceedings under bankruptcy or insolvency laws by or against DEBTOR.

Commencement of foreclosure by any other CREDITOR against DEBTOR or the collateral, garnishments or other attachments from obligations or debts due to DEBTOR from all accounts receivable, and/or other funds due and payable to DEBTOR at any time;

Any violation of this agreement will constitute a penalty of one hundred million 99.999% one ounce silver coins, per occurrence, per officer or agent involved. This is a contract in admiralty and you may rebut this contract within 21 days. Rebuttal must be per the conditions found in the "Legal Notice and Demand" that is on file, along with this document, in the register of deeds office in COOK COUNTY, ILLINOIS.

SECURED PARTY now holds all interests in any and all property belonging to, in possession, use or control of DEBTOR until this matter is satisfied.

## Cure of Breach

If a breach under this agreement is curable through an account held by DEBTOR but managed by the UNITED STATES or one of its subdivisions, agents, officers, or affiliates, such breach may be cured by DEBTOR with express consent and voluntary agreement by SECURED PARTY; and upon advice by the Fiduciary that the breach has been cured and no event of breach will be acted upon. A breach under this agreement, initiated by third party intervention, will not be considered a breach if such intervention is challenged by DEBTOR, in a good faith effort to confirm or disprove the validity or reasonableness of the public claim which is the basis of the public CREDITOR'S proceeding; but DEBTOR must, in that event, deposit such surety with SECURED PARTY as is necessary to indemnify SECURED PARTY from loss.

## Acceleration

In the event of breach, SECURED PARTY may declare the entire indebtedness immediately due and payable without notice.

## Liquidation of Collateral

In the event of breach, SECURED PARTY shall have full power to privately or publicly sell, lease, transfer, trade, rent, exchange, or otherwise deal with the collateral, products or proceeds, in his own name, in the name of DEBTOR or other nominee. All expenses related to the liquidation of collateral shall become a part of DEBTOR'S indebtedness. SECURED PARTY may, at his discretion, transfer part or all of the collateral to his/her own name or to the name of nominee.

## Rights and Remedies

SECURED PARTY holds all rights and remedies of a Secured CREDITOR under the provisions of the Uniform Commercial Code (UCC), as the UCC has been adopted in the state where part or all of the collateral is located or presumed to be located, or Internationally as elected by SECURED PARTY. SECURED PARTY holds the right to proceed in Universal jurisdictions and venues, by self-help, or with or without a public court, tribunal, collects or enforcement agencies. Rights and remedies available to SECURED PARTY may be exercised singularly or jointly and in all venues and jurisdictions concurrently at the sole discretion and election of SECURED PARTY. The DEBTOR will bear all costs and liability to all actions.

## MISCELLANEOUS PROVISIONS
### Amendments

This agreement and the related documents established mutual assent and a meeting of the minds. No alteration of, set-off or amendment to this agreement shall be effective unless expressed in writing under voluntary, noticed, informed consent of the SECURED PARTY.

## Applicable Law

The Contract and Security Agreement is the law, and the law is the Contract and Security Agreement. The guidelines for the laws of the Contract and this Security Agreement, is the mutual assent and agreement of the Parties, expressed by the Contract and Security Agreement. It was modeled after, created from, and is supported by Private International Law, in accord with the Laws of Nations, International and Domestic Laws, supported by the Administrative Procedures Act, the Civil Procedure

Act, and the Uniform Commercial Code as adopted by International and state legislation of all U.S. States, and unwritten by Common Law, Contract Law, Cannon Law, Constitutional Law, Merchant Law, Property and Estate Law, Statutory Law, Civil Law, Tort Law, Commercial Law, Trade Law, Judiciary Laws Securities Law and Legislative Law, Executive Law, and most other forms of law in almost all jurisdictions and venues. It conforms to almost all other ABC organizations and agencies including GAAT, UNCITRAL, UNIDROIT, and CIGS. Case Law, aka, stare decisis, supports this Contract and Security Agreement, but is not ever sited for good cause. Common Law is only superseded by Equity Law when the Common Law does not provide for remedy.

It is impossible, and always will be, to address all the "Policies", "Signing Statements", and/or other unknown, undisclosed trickery, lies, deceptions and forms of fraud, embezzlement, organized crime, and RICO actions, used to override law and justice in today's world.

## Expenses

DEBTOR agrees to pay for all losses, costs, fees, time, taxes, expenses, and professional fees, incurred by SECURED PARTY to collect or enforce the provisions of this agreement.

## STANDARD TERMS AND CONDITIONS

All of the STANDARD TERMS AND CONDITIONS set forth in the Contract apply also to the Security Agreement, plus all incidentals, some duplicated or left in the Contact or Security Agreement, for the purpose of convenience and/or comprehension. They shall not be considered in bad faith, unclean hands, misleading or nondisclosure as there is no intent of such by the SECURED PARTY. Errors and Omissions are consistent with intent.

### Indebtedness

Debt is that which is owed; usually referencing assets owed. The word "indebtedness" means the debt evidenced by this Security Agreement, as a claim against DEBTOR, and all DEBTOR'S present and future possessions identified in this agreement as collateral; and all public obligations and debts ascribed to DEBTOR through contracts and agreements, whether expressed or implied, known or unknown, or actual or constructive. All claims made by SECURED PARTY against DEBTOR, whether existing now or in the future, whether they are voluntary or involuntary, due or not due, direct or indirect, absolute or contingent, liquidated or not, regardless of whether DEBTOR is or may be individually or jointly, obligated as, or beneficiary of, a surety or accommodation party are the collateral for the debt owed to SECURED PARTY.

### Related Documents

The phrase "related documents" means all promissory notes, credit agreements, loan agreements, guaranties, Security Agreements, mortgages, deeds of trust, applications, accounts, licenses, policies, permits, identification cards, account cards, receipts, forms, and all other documents and instruments that DEBTOR or its previous surety has or will execute in connection with DEBTOR'S total indebtedness.

The term *inter alia* may be used to include "related documents". It literally means 'among other things'.

### Notices

All notices required to be given by either party under this agreement, shall be in writing or Proof of Fax and shall be effective when actually delivered, when deposited with the United States Post Office or a nationally recognized delivery service that both parties agree to. Notice must to be given to SECURED

PARTY at the address shown on this Agreement or to such other address as designated to the other in writing.

## Severability

If one or more provisions of this agreement shall be held to be invalid or unenforceable for any reason, the remaining provisions shall continue to be valid and enforceable. If a qualified court finds that one or more provisions of this agreement is invalid or unenforceable, but that by limiting such provision(s) it would become valid or enforceable, such provision(s) shall be deemed to be written, construed, and enforced as so limited. In the event that such a finding and limitation causes damage or hardship to either party, the agreement shall be amended in a lawful manner to make all parties whole.

## Waiver of Contractual Right

The failure of either party to enforce one or more provisions of this agreement shall not be construed as a waiver or limitation of that PARTY'S right to subsequently enforce and compel strict compliance with every provision of this agreement. SECURED PARTY shall not be deemed to have waived any rights under this agreement unless such waiver is given in writing and signed by SECURED PARTY under voluntary, noticed, informed consent. No delay, error or omission on the part of SECURED PARTY in exercising a right or option shall operate as a waiver of such right or any other right. A waiver by SECURED PARTY of a provision of this agreement shall not prejudice or constitute a waiver of SECURED PARTY'S right otherwise to demand strict compliance with that provision or any other provision of this agreement. No prior waiver by SECURED PARTY, nor any course of dealing between SECURED PARTY and DEBTOR, shall constitute a waiver of SECURED PARTY'S rights or of DEBTOR'S obligations under this agreement as to future transactions. Whenever the consent of SECURED PARTY is required under this agreement, the granting of such consent by SECURED PARTY in one instance shall not constitute consent over the whole or any portion therefrom.

## Ambiguities and Interpretation

Each party acknowledges receipt of this agreement and has had the opportunity to have counsel and/or anyone they chose review it. Any rule of construction claiming ambiguities is to be resolved against the drafting party and shall not apply in the interpretation of this agreement or its amendments. All statements in this instrument are important to the parties. Misunderstandings have been resolved prior to execution.

## Authority to Represent

A signer of this agreement on behalf of a legal entity certifies that he/she has the authority to sign this agreement and that this transaction has been duly authorized by such entity.

## Gender

All references within this agreement to a specific gender include the other.

**Note**: SECURED PARTY reserves the right to satisfy any judgment, lien, levy, debt, or obligation, whether secured, unsecured, or purported to be secured, against DEBTOR by acceptance for value and return for adjustment, settlement and closure, executing a Bill of Exchange, or against the Fidelity Bond registered herewith under necessity, as the Secured Party may select.

# SIGNATURES
## Applicable to all Successors and Assigns

SECURED PARTY executes this Security Agreement certified and sworn on DEBTOR'S unlimited liability true, correct, and complete, and accepts all signatures in accord with UCC § 3-419 INSTRUMENTS SIGNED FOR ACCOMMODATION.

DEBTOR: GARY BLAKELY

_____

_____
Dwayne Littlejohn, **Secured Party**

# JURAT

STATE OF ILLINOIS          )
                           ) Scilicet
County of COOK             )

SUBSCRIBED TO before me this tenth day of February, A.D. 2015, _____ a Notary, that GARY BLAKELY, personally appeared and known to me to be the man whose name subscribed to the within instrument and acknowledged to be the same.

_____  Seal;
Notary Public in and for said State
My Commission expires; _____

//
//
//
//
//
//
//
//
//
//

//
//

To avert losses of vested rights in the present or future collateral that is the subject of the attached

---

Security Agreement, DEBTOR agrees to make available to SECURED PARTY, such accounts established by intent of the parties, by operation of law, and/or as constructive trusts, to hold proceeds arising from assets belonging to DEBTOR, and administered by the UNITED STATES or its subdivisions, agents, or affiliates. Pursuant to existing laws of the UNITED STATES and the agreement of the parties of the attached Security Agreement, SECURED PARTY is authorized to assign such funds from said accounts as are necessary to settle all past, present, and future public debts and obligations incurred by DEBTOR on behalf of SECURED PARTY.

DEBTOR hereby confirms that this Security Agreement is a duly executed, signed, and sealed private contract entered into knowingly, intentionally, and voluntarily by DEBTOR and SECURED PARTY, wherein and whereby DEBTOR:

## NOTICE OF LIEN

This agreement constitutes an International Commercial Lien on all property (in each of their individual capacity/form/item) of DEBTOR (indemnitor) on behalf of, and for the benefit of, SECURED PARTY CREDITOR (indemnitee) in the amount of $100,000,000.00 (ONE HUNDRED MILLION), in silver dollars, fiat money, or money of account/credit, at par value. This lien will expire at the moment that the indemnitee expires or when this lien is satisfied by any Third Party Interloper who seeks to take/seize any of said property.

_____          _____
GARY BLAKELY                                      Dwayne Littlejohn

Subscribed and sworn to before me
this 12th day of February 20 15
at _____, County of Cook, State of Illinois.

Notary Public _____

```
"OFFICIAL SEAL"
Jeanice Jackson
Notary Public, State of Illinois
My Commission Expires 4/26/2015
```

/S/ _____